Matter of Hilary C. v Michael K. (2022 NY Slip Op 01512)





Matter of Hilary C. v Michael K.


2022 NY Slip Op 01512


Decided on March 10, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 10, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, González, Shulman, Rodriguez, JJ. 


Index No. V-05896-18/18E V-05896-18/19F V-05896-18/19G O-00820-21 Appeal No. 15489 Case No. 2021-01579 2021-02377 

[*1]In the Matter of Hilary C., Petitioner-Respondent,
v
Michael K., Respondent-Appellant. 


Philip Katz, New York, for appellant.
Carol Kahn, New York, for respondent.



Order, Family Court, New York County (Karen I. Lupuloff, J.), entered on or about May 5, 2021, which, upon respondent father's admission that he committed civil contempt, ordered him incarcerated for 30 days, unanimously modified, on the law, the disposition vacated and replaced by time served, and otherwise affirmed, without costs.
Although the father is in Japan, we decline to dismiss the appeal pursuant to the fugitive disentitlement doctrine. There is no "nexus" connecting the father's fugitive status and these proceedings (see Wechsler v Wechsler, 45 AD3d 470, 472 [1st Dept 2007]). The father has continued to appear virtually in court, communicate with his counsel, and consent to relief sought by the mother. He has complied with the terms of his probation and submitted an affidavit stating that he will return to New York to comply with any court order. Under these circumstances, we find that the father has not "flout[ed] the judicial process," frustrated the operation of the courts, or prejudiced the mother's rights by leaving the jurisdiction to warrant dismissal of the appeal (id.).
The father admitted that he knowingly and willfully violated a court order directing him not to communicate with the attorneys of record in a disparaging way and to refrain from using profanity. Accordingly, the Family Court correctly found the father in civil contempt (see El-Dehdan v El-Dehdan, 26 NY3d 19, 29 [2015]).
We find under the circumstances that the imposition of 30 days in prison was inappropriate.
We have considered the parties' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 10, 2022